J. Brewer Marshall *vs.* Maybelle Lancaster, *Exx.*

JUNE 25, 1942.

Present: Flynn, C.J., Moss, Capotosto, Baker and Condon, J.J.

Condon, J. This is a petition brought by a legatee under the provisions of general laws 1938, chapter 579, § 13, praying the probate court of the town of Lincoln to order the executor of the will of Caroline F. Aldrich, late of said town,

deceased, to file a statement of the legacies to be paid by him. After a hearing, the probate court granted the petition and entered its decree ordering the executor to file such statement in the office of the probate clerk on or before September 3, 1941. From this decree the executor appealed to the superior court and claimed a jury trial. At the conclusion of the appellee's evidence in support of her petition, the appellant closed his case and moved for a directed verdict, which was denied. The appellee then moved for a directed verdict, which was granted. The appellant excepted to each of these rulings, and the case is here on these exceptions.

The appellant has briefed and argued his exceptions together, as each one is based on the same point of law. This point is that the decree of the probate court is a nullity, because it was entered before, and it ordered the appellant to file a statement before the first publication of the notice of his qualification as executor. The appellant contends that under the express provisions of § 13, the probate court was without power to make such an order until after such publication. And he urges, on the authority of *Thompson v. Clarke,* 46 R. I. 309, that this section should be given a strict construction.

Appellee contends that the date on which appellant is ordered to file the statement may be disregarded as surplusage and that the decree is valid as an order of the probate court to the appellant to file such statement within two years in accordance with the provisions of the section. She also argues that, inasmuch as the appeal brought the petition to the superior court to be heard *de novo,* it is immaterial that the petition was filed, and that the decree thereon was entered, in the probate court before the first publication of the notice of the appellant's qualification as executor, so long as the appeal therefrom was heard and decided in the superior court after such publication.

The evidence shows that appellee's petition was filed in the probate court on July 19, 1941, heard and granted on

August 25, 1941, and that the decree ordered appellant to file the statement of legacies on or before September 3, 1941. It further appears from the evidence that the first publication of the notice of appellant's qualification as executor was on October 11, 1941. However, the evidence also disclosed that on June 24, 1940, the will was probated and the appellant confirmed as executor; that an appeal was taken to the superior court and the will sustained by a jury; that a bill of exceptions was filed and later withdrawn; and that by consent the decree of the probate court sustaining the will was ratified and confirmed in the superior court on April 10, 1941. In other words, it appears that the appellant here actually acted as executor from June 24, 1940 defending the will in the superior court and otherwise as permitted by statute until April 10, 1941, when his appointment was finally confirmed. The legal difficulty in the instant proceedings is, therefore, due solely to the long delay in not publishing notice of his qualification until October 11, 1941. The probate clerk apparently believed that he had published such notice shortly after the appellant had qualified, but the record showed that he was mistaken.

Under the circumstances, there being no rights of a creditor involved, we think that a strict construction of § 13 is not called for here. Indeed, the statute says nothing concerning the time when a petition may be filed or when an order may be entered thereon that would require us to say that it could be filed only after the publication of the first notice of the executor's appointment. The statute expressly provides only that an executor or administrator *may* file a statement of legacies to be paid, or for cause shown *shall* file such a statement *within* two years after publication of the first notice of his qualification. In the instant proceedings the superior court, by virtue of the executor's appeal, heard appellee's petition *de novo*. On January 28, 1942, the appeal was heard and decided in favor of the appellee. In effect the jury was directed by the trial justice to find that the probate court was correct in ordering the executor

to file a statement of the legacies to be paid. Of course at that time the question whether the probate court exceeded its power under the statute in ordering him to file such statement on September 3, 1941 had become moot.

Therefore the question here is whether or not the trial justice's direction of such a verdict was consistent with a reasonable construction of § 13. We are of the opinion that, on the peculiar facts before him, it was consistent and that he did not err in not rigidly construing the section and in not granting appellant's motion for a directed verdict.

But the appellant contends that no cause was shown, as required by the section, to justify the court in compelling him to file a statement of legacies to be paid. In answer to that question it appears from the record that appellee was given a legacy of $1500 under testatrix's will; and the appellant had not paid it; and that he had given her no reason for not paying it. The record also shows that appellee's counsel stated that the appellant's counsel had told him that the appellant did not propose to pay appellee her legacy and that he offered to state this to the jury on the question of whether there had been a demand for the legacy, if this was considered material.

Apparently, on the record before him, the trial justice felt justified in considering that there had been in effect a refusal to pay the legacy and that therefore, in the absence of any evidence on the part of the appellant to the contrary, cause had been shown, as a matter of law, for requiring the executor to file a statement of legacies to be paid in order that the bar, under G. L. 1938, chap. 579, § 12, to an action by the appellee for her legacy against the executor might be removed. The trial justice, therefore, did not err in directing a verdict for the appellee.

There is a difficulty, however, in the form of the verdict. It leaves undetermined the date when appellant should file such statement. We think that, under the authority of G. L. 1938, chap. 579, § 13, the superior court should enter a decree on the verdict fixing a date on or before which the

188

appellant should file a statement of the legacies to be paid.

The appellant's exceptions are accordingly overruled, and the case is remitted to the superior court with directions to enter its decree, as above indicated, on the verdict.

*Henry E. Crowe, Thomas Hetherington,* for appellant.
*Charles R. Easton,* for appellee.