J. Brewer Marshall, *Ex. vs.* Maybelle Lancaster.

MARCH 15, 1943.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an appeal by the executor of the will of Caroline F. Aldrich, late of the town of Lincoln in this state,

deceased, from a decree of the probate court of that town, entered on the petition of the appellee, Maybelle Lancaster, a legatee under that will. That petition was based on general laws 1938, chapter 579, § 13; and by the decree the appellant was ordered and required to file, on or before February 28, 1942, in the office of the clerk of that court, a statement setting out the names of the legatees under the will and the amounts to be paid and the property to be turned over to them respectively or to be held by himself as trustee.

At a jury trial of this appeal in the superior court, the parties agreed upon all the pertinent facts and stated them. Then the trial justice denied a motion by the appellee for the direction of a verdict in her favor, and sustained a motion by the appellant for the direction of a verdict in his favor. The trial justice did so by reason of the facts, agreed on, that the appellant had already filed, in the office of the clerk of the probate court, just such a statement under and in accordance with a decree which had been entered in the superior court on August 4, 1942, in an earlier probate appeal case involving the same will and the same parties, and by which the appellant had been ordered to file such a statement on or before August 7, 1942, as of February 28, 1942.

In the instant case, after the above-stated rulings of the trial justice, the jury were directed to return a verdict accordingly, for the appellant, and did so. The case is now before us on the appellee's exceptions to these two rulings and to this direction of a verdict for the appellant.

The above-mentioned decree of August 4, 1942 was put in evidence before the trial justice in the instant case. It had been entered in accordance with an opinion of this court after a hearing on a bill of exceptions by the appellee. *Marshall* v. *Lancaster*, 68 R. I. 184, 26 A. 2d 856. In that case the appellant relied upon the fact that the probate court decree appealed from had been entered before the first publication of the notice of his qualification as executor. But we found that the question thus raised "had become

moot", because such publication had been made before the trial in the superior court.

Therefore we are convinced that the trial justice in the instant case was correct in finding, as he did, that the question raised by the appeal in the instant case had become a moot question, because of the filing by the executor; in accordance with the decree of the superior court in the earlier appeal, of the statement which the appellee now seeks in the instant case to compel the appellant to file again.

The appellee's exceptions are overruled, and the case is remitted to the superior court for further proceedings following the verdict.

*Henry E. Crowe, Thomas Hetherington,* for appellant.
*Charles R. Easton,* for appellee.